## BACON v. DAWSON et al.

No. 6747.   Opinion Filed May 23, 1916.

(157 Pac. 1033.)

**NAMES—Identity of Person—Evidence.** W. was appointed guardian for the person and estate of a minor. The records of the county court show that the petition for the appointment of a guardian prays for the appointment of a guardian for the person and estate of Henryetta Downing, aged 10 years; that the letters of guardianship recite, in substance, that W. was appointed guardian for the person and estate of Henryetta Downing, aged 10 years; that the petition to sell real estate by the guardian is entitled, "In the Matter of the Guardianship of Peggie Sanders, Minor," and commences with the following recital: "Comes now W., the guardian of Peggie Sanders, minor, and shows to the court." etc. From this time forward throughout the proceedings in the county court, including the issuance of the guardian's deed, wherever the name of the minor appears she is designated "Peggie Sanders." In an action commenced in the name of Peggie Bacon for the purpose of canceling the guardian's deed, on account of the foregoing discrepancies, the trial court permitted the introduction of parol evidence which conclusively showed that Henryetta Downing, Peggie Sanders, and Peggie Bacon were but different names borne by the same person, and that the person so variously designated was the same person for whom W. was appointed guardian, and was the owner of the land described in the guardian's deed. **Held** not error.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

23—53

Action by Peggie Bacon against William R. Dawson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Rogers & Fulghum,* for plaintiff in error.

*W. A. Chase* and *Veasey, O'Meara & Owen,* for defendants in error.

KANE, C. J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of recovering possession of and quieting the title to a certain tract of land situated in Nowata county. It is conceded that the plaintiff would not be entitled to recover unless a certain guardian's deed which purports to convey said premises to the defendant Dawson is held to be invalid. The court below upheld the validity of the guardian's deed, and this proceeding in error was instituted for the purpose of reviewing this action.

The guardianship proceedings by virtue of which Dawson secured his guardian's deed seem to be regular in every particular up to the time of the issuance of the deed, except that in describing the minor her name appeared in some of the orders and proceedings of the county court as Henryetta Downing, and in others as Peggie Sanders. The error complained of arose out of the action of the trial court in permitting the defendant to explain this discrepancy by the introduction of parol testimony. The record of the county court offered in evidence shows that the petition for the appointment of a guardian prays for the appointment of a guardian of Geneva Wafford, aged 11, Henryetta Downing, aged ten years, and Ruthie Downing, aged eight years; that the letters of guardianship recite, in substance, that Joe Wolfe

was duly appointed guardian for Geneva Wafford, aged 11, Henryetta Downing, aged ten, and Ruth C. Downing, aged eight years; that the petition to sell real estate by the guardian is entitled, "In the Matter of the Guardianship of Peggie Sanders and Ruthie Downing, Minors," and commences with the following recital: "Comes now Joe Wolfe, the guardian of Peggie Sanders and Ruthie Downing, minors, and shows to the court," etc. From this time forward throughout the proceedings in the county court, including the issuance of the guardian's deed, wherever the names of the minors appear they are designated "Peggie Sanders" and "Ruthie Downing."

Upon the trial parol evidence was offered which conclusively showed that Peggie Bacon, formerly Peggie Sanders, and Henryetta Downing are one and the same person; that the three minors named in the letters were sisters, and that two of them, Henryetta Downing and Ruthie Downing, inherited the land in controversy from their sister, Geneva Wafford, upon her death; that the plaintiff herein, who now sues as "Peggie Bacon," was also known as Peggie Sanders and Henryetta Downing, and that said minor so variously known and designated was the identical person who conveyed the property and the property conveyed by the guardian's deed was the identical property inherited from Geneva Wafford over which Joe Wolfe acted as guardian.

The precise point sought to be made by counsel is that, inasmuch as the letters of guardianship and the bond designate the minors as Ruthie Downing and Henryetta Downing, and in the balance of the proceedings they are designated as Ruthie Downing and Peggie Sanders, parol evidence was not admissible to clear up this discrepancy. In our judgment, this contention is with-

out merit. No authorities precisely in point have been called to our attention by counsel for either side, and we do not deem the question involved of such great difficulty as to warrant any extended independent investigation for the purpose of finding authorities sustaining the conclusion reached by the court. As was said in another case (*In re Snook,* 2 Hilt. [N. Y.] 566): "A man's name is the mark or *indicium* by which he is designated from other men." Here we have a Cherokee Indian girl, bearing at least two names by which she was generally known, who was the owner of a certain tract of real estate. A guardian, in due form of law, in the person of her uncle, has been appointed for her person and estate. In subsequent proceedings which involved the sale of her real estate by her guardian, she is described part of the time by one of her names, and part of the time by the other. In a subsequent action at law, commenced by her for the recovery of the land sold by her guardian, without any explanation, she sues under still another name. It seems to us, there being no fraud practiced upon the infant, and no irregularity in the guardianship proceeding, other than the one complained of, the question presented is merely one of identity, and the court was right in permitting the introduction of parol evidence for the purpose of showing that Henryetta Downing, Peggie Sanders, and Peggie Bacon were but different names borne by one and the same person.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.