YARRUT, Judge.
This is an appeal by both Defendants from a judgment of the District Court overruling the unanimous decision of Defendant, Jefferson Parish Democratic Executive Committee, in certifying Defendant, Mrs. Vernon J. Wilty, Jr., by that name as a candidate against Plaintiff for Assessor of Jefferson Parish in the Democratic Primary Election to be held December 7, 1963, and not by the name of Laura Verret Wilty as prayed for by him. The facts are these:
Plaintiff is the incumbent Assessor of Jefferson Parish and a candidate for reelection at the Democratic Primary Election to be held December 7, 1963. Defendant, Mrs. Vernon J. Wilty, Jr. (nee Laura Ver-ret), is opposing Plaintiff at the same Elec *801 tion. Plaintiff contends his wife has no legal right to use his name as a candidate against him because the voters will be misled and confused, which he charges is her purpose in opposing him.
Mr. and Mrs. Wilty (Plaintiff and Defendant) were married on January 6, 1951. On May 7, 1963, Mrs. Wilty obtained a judgment of separation from bed and board from her husband. Hence, they are still legally married.
Since her marriage in 1951 to Plaintiff Mrs. Wilty has been a registered voter under the name of “Mrs. Vernon J. Wilty, Jr.” Plaintiff has been registered under the name of “Vernon John Wilty, Jr.,” both having qualified for election under their respective voter-registered names.
Reduced to its simplest form, the question is: Can a married woman, judicially separated, but not divorced, from her husband, become a candidate for public office, using her complete married name under which she is a registered voter? If she can use such name in opposition to a third person, why not in opposition to her husband?
The District Judge in his written reasons properly states that there is no definite law or decision in Louisiana as to what is the legal name of a married woman; and then concludes that a wife who qualifies against her husband under his full name with the prefix “Mrs.” is guilty of deception which should not be permitted. In addition to the prefix “Mrs.” the wife is given a different number on the ballot as required by LSA-R.S. 18:316, as amended by Act 336 of 1952, and Act 67 of 1954.
The only legal requirement for a registered voter to identify his or her sex or marital status is the provision that he or she state whether he or she is “Mr.”, “Miss”, or “Mrs.” LSA-Const. Art. 8, § 1(c); LSA-R.S. 18:32.
We find no statute or decision in Louisiana requiring that a married woman, when qualifying for public office, must qualify in her maiden plus her husband’s family name. In Louisiana, the wife generally assumes and is known by the name of her husband, in this case as “Mrs. Vernon J. Wilty, Jr.” and so registered. Under the separation and divorce laws of Louisiana, a judgment of separation carries with it only a dissolution of the community and a separation from bed and board. The wife is not compelled to change her name because she is still married and, non constat, may be reconciled within a year as the law allows. However, the situation is different in case of divorce. LSA-C.C. Art. 159, provides:
“The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted betvueen them.”
Therefore, with only a judgment of separation between them, Mrs. Wilty had a perfect right to continue her registration as “Mrs. Vernon J. Wilty, Jr.” and to seek public office, even against her husband, under his name, especially since she was registered as a voter under that name.
We must consider next whether Mrs. Wilty’s candidacy against her husband under her full married name was designed to or might deceive the voters. That Mrs. Wilty as a matter of reprisal decided to oppose her husband as a result of her marital difficulties, is of no concern of the courts. There is no law that prevents a wife opposing her husband for public office. That is strictly a matter of conscience or motive. It may be bad practice and destructive oDthe conjugal relations. However, it is a legislative matter to be decided by the Legislature, not the Courts. The Courts are concerned only with legal rights, not the motives or conscience of one who seeks public office. What may be permitted by law may be reprobated by conscience *802 and good morals. The Courts are not the conscience of political candidates.
The decisive question is whether the name “Mrs. Vernon J. Wilty, Jr.,” with an identifying number different from that of her husband, is sufficient to avoid confusing the voters of Jefferson Parish as to the identity of the two candidates.
As heretofore stated, there is no Louisiana statute or jurisprudence on the point. The custom followed in Louisiana is similar to that generally found in the common law states regarding a wife’s correct name. A married woman’s name consists of her own Christian name and her husband’s surname. 65 C.J.S. Names § 3, p. 4, 35 A.L.R. 417. Immemorial custom in Louisiana allows a wife to use her husband’s Christian name as well as his surname, plus the prefix “Mrs.” Thus many women in Louisiana transact business, open bank accounts, and are registered to vote under their husband’s first and last names with the prefix “Mrs.” added. Mrs. Wilty therefore has the right to use the name, “Mrs. Vernon J. Wilty, Jr.,” as long as she is not divorced from him. The prefix “Mrs.” to a wife’s name is comparable to the suffix “Jr.” that would be attached to a son opposing his father.
Louisiana election laws have certain requirements for a candidate, but none regarding the exact name he or she must use. An Oklahoma case in point, is that of Mrs. I. L. Huff v. State Election Board, 168 Okl. 39, 32 P.2d 920, 93 A.L.R. 906. There, Mrs. Huff qualified under the name of “Mrs. I. L. Huff.” The State Election Board refused to certify her under that name, insisting she use her full Christian first name with her husband’s surname, not merely his initials. The court outlined the criteria to be followed in such cases, inter alia, viz.:
“ * * * There are frequently many candidates for the several elective offices and the voters are only acquainted with them or many of them by the names by which they are commonly known and called. That fact was known to the Legislature when it enacted the primary election law and it is clearly the legislative intent that the candidate shall be so identified on the primary and run-off primary ballot that the voters may know for whom they cast their ballot and not be deceived or misled to vote for some candidate for whom they did not intend to vote, so it is not so much a question as to the true legal name of the candidate as it is that the voter may be informed as to the candidates by the names by which they are commonly known and called and transact their important private or official business. Under the facts in the case at bar it was clearly proved that the plaintiff is and has been for about twenty years commonly known and identified as ‘Mrs. I. L. Huff.’ See also, Badger Lumber Co. v. Collinson, 97 Kan. 791, 156 P. 724.”
The court there held Mrs. Huff could qualify under the name of “Mrs. I. L. Huff,” since she was generally known by that name to the public.
It was urged in argument by Plaintiff that as the abbreviation “Mrs.” will appear on the ballot in small letters, many voters will not notice it. The preparation of the ballot is not the responsibility of the candidate, but the public official charged therewith.
Since we have no Louisiana case in point, we adopt the conclusions and ruling of the Oklahoma court and hold that Mrs. Wilty, being generally known as “Mrs. Vernon J. Wilty, Jr.” and registered under that name as a voter, should be allowed to seek office under that name, as long as she is not finally divorced from her husband.
Accordingly, we must disagree with the District Court and agree with the Jefferson Parish Democratic Executive Committee, and hold Defendant, Mrs. Vernon J. Wilty, Jr., has a perfect right to be certified as *803 a candidate for Assessor of Jefferson Parish in the Democratic Primary of December 7, 1963 under the name of “Mrs. Vernon J. Wilty, Jr.”
For the reasons herein assigned, the judgment of the District Court is reversed, annulled and set aside, and the Jefferson Parish Democratic Executive Committee is ordered to reinstate and to certify Defendant, Mrs. Vernon J. Wilty, Jr., as a candidate for the office of Assessor under the name of “Mrs. Vernon J. Wilty, Jr.,” and no other; Plaintiff to pay all costs in both courts.
Reversed and rendered.
REGAN and SAMUEL, JJ., dissent with reasons to follow.