REGAN, Judge
(dissenting).
I respectfully dissent. I am of the opinion that the majority fell into error when they applied a general rule to very exceptional facts. I do not entertain the slightest doubt that under ordinary circumstances Mrs. Vernon J. Wilty, Jr., could use that name to seek public office or to consummate any other legitimate objective that she was desirous of attaining. However, under the. special facts and exigencies of this particular case, I am of the opinion that the use of that name in an election contest, in opposition to her husband, Vernon J. Wilty, Jr.,[1] constitutes the practice of deception which is calculated intentionally to confuse the electorate, and this vindictive intent is exemplified and made more manifest herein by virtue of the marital discord which is disclosed on the face of the record.
The issues posed for our consideration are, to some extent, nicely balanced — on the one hand there exists the wife’s unqualified right, under ordinary circumstances, to tlie use of her husband’s name, prior to divorce. On the other hand there exists the paramount right of the voter, in the course of an election, to exercise a choice of candidates without deception or confusion. In other words, an individual right, when in conflict with a paramount public right, must recede in favor thereof; otherwise, in this instance, the democratic primary process is rendered useless. The purpose of a primary election is to enable the affiliated voters of a political party to choose the nominee of their party for each office. Any play on names having a tendency to confuse the voters and mislead them as to the identity of the person seeking party nomination should be discouraged by the legislature and frowned upon by the courts.[2]
The majority opinion emphasized the fact that our jurisprudence failed to reveal a guide leading to the solution of this problem and it, therefore, adopted the rationale of Huff v. State Election Board,[3] a case emanating from the State of Oklahoma, and concluded by analogy therefrom that Mrs. Vernon J. Wilty, Jr., should be allowed to seek office under that name as long as she was merely judicially separated but not finally divorced from her husband.
A cursory reading of the Huff case will disclose such differentiating characteristics so as to convince the author hereof that the ratio decidendi thereof supports the dissent rather than the majority opinion. For instance, in the Huff case the organ of the court was very careful to point out that no other candidate had challenged the right of the plaintiff to become a candidate under the name desired to be used by her, and it was conceded that the name was adopted by her in good faith and without any intent to deceive or defraud the public or any third party.
In the Will Rogers case, supra, which is also a decision emanating from the State of Oklahoma, there existed a confusion of *804 names to be balloted upon by the electorate and the Court ordered a clarification thereof so that neither candidate who had qualified under the name of Will Rogers could capitalize on the popularity of the celebrated humorist.
The author hereof would have to be completely unrealistic and naive in order to believe that it was not Mrs. Wilty’s intention, by use of the name Mrs. Vernon J. Wilty, Jr., in qualifying as a candidate against her husband, to both deceive and confuse the electorate, and thereby, in effect, baffle the democratic process. If the majority opinion is permitted to stand, she will have consummated this objective.
When two -candidates desire to run for public office and their names are similar or identical, their designation on the ballot should appear thereon without confusion and without any unwarranted encroachment on an established public name, created by a long and successful record of public service.
I am of the opinion that the trial court was correct in ordering Mrs. Wilty to qualify as a candidate for the office of assessor under the name of Mrs. Laura Verret Wilty and, thereby, minimize the deception and the electorate’s confusion.
In the last analysis, the final cause of law, in cases of this nature, is the welfare of the general public, and any pronouncement of the courts which misses this aim cannot permanently justify its existence.

.The names will appear on the ballot thusly:
WILTY, Yernon J. Jr., (Mrs.)
WILTY, Yernon John Jr.

. State ex rel. Rogers v. State Election Board; 168 Okl. 441, 33 P.2d 806.

. 168 Old. 39, 32 P.2d 920 (1934).