MARRIED WOMAN'S "FULL NAME" The "full name", as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971), of a woman after she is married is the whole of such name as she chooses to be known by; that is her Christian name, birth given middle name or initial, and her maiden surname without assumption of her husband's surname; or her Christian name, her birth middle name or initial and maiden surname, or either of same as her middle name or names, and her husband's surname. A married woman's maiden name is a part of her "full name", as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971), when she chooses, upon marriage, to retain it as a part of her full name. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. What constitutes the "full name" (as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971)) of a woman after she is married? 2. When is a married woman's maiden name a part of her "full name" (as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971))? Title 47 O.S. 6-106 [47-6-106] (1971) is entitled "Application for license or instruction permit", and states, in part, that: "(b) Every said application shall state the full name . . . of the applicant. . . ." (Emphasis added) Your letter also refers to Title 47 O.S. 6-116 [47-6-116] (1971), which is entitled "Notice of change of address or name", and states, in part, that: ". . . When the name of a licensee is changed by marriage . . . such person shall . . . notify the Department of Public Safety. . . ." An annotation entitled "Correct name of a married woman" at35 A.D.R. 417, states: "A married woman's name consists, in law, of her own Christian name and her husband's surname." (p. 417) "While there is no direct authority as to the name or initial to be used by a married woman for her middle name, the courts have quite generally recognized the use of the middle name or initial of her maiden name to be proper, as against the use of her husband's middle name or initial, the same as in the case of her Christian name." (p. 418) 57 Am. Jur.2d 281, "Name", 9, states: "The question of the correct middle name of a married woman is unimportant where the law does not recognize a middle name or initial." The Oklahoma courts do not recognize a middle name. Main v. Edwards,58 Okl. 629, 160 P. 483 (1916); see Robert v. Mosier,35 Okl. 691, 132 P. 678 (1913). Although Oklahoma's Divorce and Alimony Statutes provide for restoration of her maiden name to a wife upon being granted a divorce (12 O.S. 1278 [12-1278] (1971)), and the Change of Name Act provides that: "After the effective date of this Act, no natural person in this State may change his or her name except as provided in Sections 1 to 5 in clusive, in this Act, other than by marriage. . . ." (12 O.S. 1637 [12-1637] (1971)), there is no statutory requirement, nor Oklahoma court decisions, that require a married woman to adopt her husband's surname. Therefore, the common law is determinative of whether in Oklahoma a woman, upon marriage, is required to adopt the surname of her husband. 12 O.S. 2 [12-2] (1972), Karriman v. Orthopedic Clinic, 488 P.2d 1250 (Okl. 1971). A few courts have enunciated a common law rule that a woman, upon her marriage, takes her husband's surname by operation of law. Chapman v. Phoenix National Bank,85 N.Y. 437 (1881); People ex rel. Rago v. Lipsky, 327 Ill. App. 63, 63 N.E.2d 462 (1945), Forbush v. Wallace,341 F. Supp. 217 (N.D. Ala. 1971). However, the most comprehensive examination of the common law rule regarding a woman's surname upon marriage is Stuart v. Board of Supervisors of Elections, 266 Md. 440, 295 A.2d 223, 225
(1972), wherein the Court stated: "What constitutes the correct legal name of a married woman under common law principles is a question which has occasioned a sharp split of authorities. . . ." In State v. Green, 114 Ohio App. 497,177 N.E.2d 616 (1961), the Court, in determining the validity of candidacy for office of a married woman who sought to have her maiden name listed on the ballot, examined the English common law, stating: "It is only by custom, in English speaking countries, that a woman, upon marriage, adopts the surname of her husband in place of her father. . . ." (Emphasis court's) "In England, from which came our customs with respect to names, a woman is permitted to retain her maiden surname upon marriage if she so desires. "M. Turner-Samuels, in his book on 'The Law of Married Women' at page 345, states: "In England, custom has long since ordained that a married woman takes her husband's name. This practice is not invariable; not compellable by law. * * * A wife may continue to use her maiden, married, or any other name she wishes to be known by. * * *' " Also, in Rice v. State, 37 Tex. Cr. R. 36,38 S.W. 801 (1897), the Court quoted the following language with approval. " 'It is said, the husband being the head of a family, the wife and children adopt his family name, — by custom, the wife is called by the husband's name; but whether marriage shall work any change of name at all is, after all, a mere question of choice, and either may take the other's name, or they may join their names together.' " (Citing authorities) Of the recent decisions regarding a married woman's surname, the Stuart case is the better reasoned one. In it, the Court: ". . . Recognized the common law right of any person, absent a statute to the contrary, to 'adopt any name by which he may become known, and by which he may transact business and execute contracts and sue or be sued.' " (p. 226), and reasoned that if a married woman could lawfully adopt an assumed name without legal proceedings, the Maryland law manifestly permitted a married woman to retain her birth given name by the same procedure of consistent, nonfraudulent use following her marriage. The Court held: ". . . That a married woman's surname does not become that of her husband where . . . she evidences a clear intent to consistently and nonfraudulently use her birth given name subsequent to her marriage. Thus . . . a married woman may choose to adopt the surname of her husband — this being the long standing custom and tradition which has resulted in the vast majority of married women adopting their husbands' surnames as their own — the mere fact of the marriage does not, as a matter of law, operate to establish the custom and tradition of the majority as a rule of law binding upon all." (p. 227) With regard to voluntary name change, prior to the effective date of the Change of Name Act, supra, Oklahoma followed the common law rule stated in Syllabus 1 by the Court in Huff v. State Election Board, 168 Okl. 277, 32 P.2d 920,93 A.L.R. 906 (1934), that: "A person may, at common law, change his or her name in good faith and for an honest purpose, by adopting a new name and transacting his or her business and holding himself or herself out under the new name, with the acquiescence and recognition of his or her friends and acquaintances, and this right is not abrogated by the Constitution or any statute of this state." The name that a woman assumes by marriage not being governed by statutory provisions, and the allowance by the exclusionary section of the Change of Name Act (viz., 1637, supra) of a change of name by marriage without formal court proceedings, permit a married woman to retain her maiden surname, or to assume her husband's surname and retain all or as much of her maiden name as she chooses. 65 C.J.S. Names, 1 (1966), p. 1, states that: "A name is a word or words used to distinguish and identify a person." See: Bacon v. Dawson, 53 Okl. 689, 157 P. 1033 (1916); Laflin Rand Powder Co. v. Steytler, 146 Pa. 434,23 A. 215, 217 (1892), states: "A name . . . is the title used for the identification of an individual and the intent of its requirement in full is certainty of identification. The full name, therefore, is no more than the whole of such title. . . ." The requirement of 47 O.S. 6-116 [47-6-116] (1971), that a licensee notify the Department of Public Safety when that person's name is changed by marriage would apply in the case of a married woman only when, upon marriage, she chooses to change her maiden or former name. Therefore, it is the opinion of the Attorney General that the answer to your first question is that the "full name", as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971), of a woman after she is married is the whole of such name as she chooses to be known by; that is, her Christian name, birth given middle name or initial, and her maiden surname without assumption of her husband's surname, or her Christian name, her birth middle name or initial and maiden surname, or either of same as her middle name or names, and her husband's surname. It is further the opinion of the Attorney General, that the answer to your second question is that a married woman's maiden name is a part of her "full name", as that phrase is used in 47 O.S. 6-106 [47-6-106] (1971) when she chooses, upon marriage, to retain it as a part of her full name. (Harold B. McMillan Jr.)