The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75501
Dear Senator Dowd:
This is in response to your opinion request wherein you posed the following inquiry:
 In filing as a candidate for either circuit or chancery judge can a former justice of the peace legally place before his name the title "Justice"?
Arkansas Code Annotated 7-7-305 provides for the printing of ballots in primary elections. Subsection (c) states:
 Any person who shall file for any elective office in this state may use not more than three (3) given names, one of which may be a nickname . . . or any other word used for the purpose of identifying such person to the voters and may add as a prefix to his name an abbreviation of any professional title which he has a legal right to use . . . (Emphasis added).
Also pertinent to your inquiry is Canon 7 B (1)(c) of the Arkansas Code of Judicial Conduct which states that a candidate for a judicial office "should not . . . misrepresent his identity, qualifications, present position or other fact."
The appellation "justice" is defined by Black's Law Dictionary as:
 Title given to judges, particularly to judges of U.S. and State supreme courts, and as well as to judges of appellate courts. The U.S. Supreme Court, and most state supreme courts are composed of a chief justice and several associate justices.
Black's Law Dictionary 776 (5th ed. 1979)
On the basis of the foregoing authority it would appear that the answer to your question is "no". The ultimate resolution of your inquiry, however, rests with the county election commission as is concluded in two opinions previously issued by this office that are attached for your consideration.
Nonetheless, it would appear that use of the term justice in the instant situation might be misleading and in violation of the Code of Judicial Conduct, and also a title that a former justice of the peace would no longer have a "legal right to use" and therefore violative of A.C.A. 7-7-305.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General C. Randy McNair.
(see attachment 90-102.1 and AG Opinion 86-455)
January 24, 1986
The Honorable Mark Stodola City Attorney City Hall Little Rock, AR 72201
Dear Mark:
You have requested that we quickly research the issue of whether it is permissible for a candidate who is not currently serving as a judge or has not held a judgeship in the traditional sense of that term is eligible to use the term "Judge" preceding his name on a ballot in Pulaski County. In this particular case, the office sought is that of traffic judge.
Arkansas Statutes Annotated Sec. 3-114 (Repl. 1976) provides for the printing of ballots in primary elections. Subsection (c) states:
Any person who shall file for any elective office in this state may use not more than three (3) given names, one of which may be a nickname . . . or any other word used for the purpose of identifying such person to the voters and may add as a prefix to his name an abbreviation of any professional title which he has a legal right to use . . . [Emphasis added).
Therefore, if a person is utilizing this provision, he may not use the title "judge" (as a professional title) unless he/she has been a judge. Arkansas law does not define the term "judge", but merely enumerates their duties in various places such as the Arkansas Constitution.
The County Election Commissions provide election ballots as specified by Ark. Stat. Ann. Sec. 3-613. If something is not provided for in the statute, the Commissioners would have discretion as to what is placed on the ballot with the goal of allowing the voter to make an intelligent choice.
As a general matter, nothing in the name placed on the ballot should mislead the voter. For instance in State ex. rel. Whetsel v. Murphy, 174 N.E. 252 (1932), the Ohio Supreme Court said a name should not be used unless there is such identity of names as would justify such description in order to permit the voter to make an intelligent expression of his choice. Similarly, an Oklahoma case has held that the name a candidate uses on the ballot should be placed there in good faith and with honest purpose. Huff v. State Election Board, 32 P.2d 920 (1930).
One more consideration is Canon 7 B (1)(c) which states that a candidate for a judicial office should not misrepresent his identity, qualifications, present position or other fact.
This language should be construed by the Pulaski County Election Commission in light of the precedents cited above and in their discretion it should be determined whether use of the term "Judge" in this instance is misleading to the voter.