REQUESTED BY: John A. Gale
Nebraska Secretary of State
2009 Neb. Laws LB 501 pertained to elections in Nebraska, and among other things, it amended Neb. Rev. Stat. § 32-607 to provide that candidate filing forms shall "contain the candidate's name; residence address; mailing address if different from the residence address; telephone number; office sought; and party affiliation if the office sought is a partisan office." As a result of LB 501, you decided to redesign the candidate filing forms for various elected offices in the state. To assist in that effort, you requested our guidance with respect to several questions regarding what names are permissible for use on such forms and on the ballot.
In presenting your questions to us, you indicated that the current candidate filing forms used by your office contain excerpts from a "letter from the Attorney General regarding permissible names" which have been a part of those filing forms for some time, perhaps as long as the early 1970's. You asked us to revisit some of the *Page 2 
conclusions set out in those excerpts. You also asked us to address new questions which have developed over time, particularly in the area of hyphenated and maiden names.
 1. Earlier Materials from the Attorney General
The excerpts from an Attorney General's letter which are quoted as a part of the current candidate filing forms in Nebraska are actually taken from a 1954 opinion of the Attorney General, 1953-54 Rep. Att'y Gen. 423 (Opinion dated June 25, 1954). We have enclosed a copy of that opinion and of 1939-42 Rep. Att'y Gen. 157 (Opinion dated June 27, 1942) for your information. The latter opinion deals with the use of a nickname as an identifier for a candidate for public office.
The legal principles for candidate names set out in those two earlier opinions can be summarized as follows:
1. Under the statutes in place in 1954, the task of filing a candidate's filing form for election to office was a ministerial duty, and the filing officer presented with a candidate filing form (the Secretary of State, the county clerk or the city clerk) had no discretion to refuse to file that form if it was in apparent conformity with the provisions of the applicable statutes. The election statutes in 1954 provided that nomination statements which were in "apparent conformity" with the applicable statutes were "deemed to be valid" unless objections thereto were made within 10 days after the statements were filed. Those statutes also required election officials to prepare a certified list of the names and post office addresses of each person for whom nomination papers were filed and who was entitled to be voted for at the primary election.
2. A candidate for office was entitled to have the name printed on the ballot by which he or she was generally known in the community, even though such name might not be his or her given or Christian name. What was most important with respect to a candidate for public office was the name by which that person was commonly known and called, rather than that person's true legal name, since voters needed to be informed when they voted. The correct name by which a particular person was known in the community presented a question of fact.
3. Designations such as "Dr." or "Professor" were too clearly "titles" to be names, and there were no questions of fact associated with those designations. Therefore, such designations were not part of an individual's name as a matter of law, and should not be included in a candidate filing form or on the ballot. *Page 3 
4. Name issues with respect to candidate filing papers should be resolved by the filing officer in one of two ways. Filing papers presented to the filing officer which raised questions of fact regarding a candidate's correct name were deemed to be valid unless an objection was raised to those papers under the appropriate statute, and the filing officer had no authority to reject the papers without such an objection. On the other hand, filing papers which contained titles or other designations which were clearly not "names" as a matter of law could be refused by the filing officer without any filed objection, because those papers were not in apparent conformity with the statutes.
5. A female candidate for office could have her name printed on the ballot as "Mrs. John ___." Our conclusion in 1954 was based in great part upon the case of Huff v. State Election Board,168 Okla. 277, 32 P.2d 920 (1934). In that case, the plaintiff maintained that the name by which she was known in the community was "Mrs. I.L. Huff," and she presented extensive evidence to establish that fact. We stated, in 1954, that it was "extremely common for a married woman to be unknown in the community other than by the title Mrs. and the husband's name." 1953-54 Rep. Att'y Gen. at 426. On that basis, we determined that the name "Mrs. John ___" presented a question of fact as to whether that was the name used by the candidate in the community. In the absence of an objection within the applicable time period, that name was in apparent conformity with the statutes, and should deemed valid. Use of the title Mrs. under those circumstances could not be rejected as a matter of law.
6. Identifiers such as "John G. `Jack'___" or "August `Gus'___" were not a part of a name as a matter of law, and could be refused by the filing officer even if no objection were raised. On the other hand "Jack ___" presented a question of fact as to how the individual was known in the community, and that name could not be rejected by the filing officer absent a proper objection.
 2. More Recent Developments
We have reviewed our two earlier opinions and the legal research discussed therein. On balance, we do not believe that the law in this area has changed significantly in the intervening fifty-five years.
At the outset, the statutes in place today are similar, in many respects, to the statutes discussed in our 1954 opinion. For example, Neb. Rev. Stat. § 32-608 (2008) now provides for filing fees, and states that "[n]o candidate filing forms shall be filed until the proper payment or the proper receipt showing payment" of the filing fees is presented to the filing officer. Neb. Rev. Stat. § 32-624 (2008) also states that "[a] candidate filing form which appears to conform with sections 32-606 and 32-607 shall be deemed to be valid unless objections are made in writing within seven days after the *Page 4 
filing deadline." Finally, Neb. Rev. Stat. § 32-801 (2008) requires your office to transmit a certification to local election officials containing, in ballot form, the candidates, offices and issues that will appear on the state ballot.
We continue to believe that a filing officer's duties with respect to filing a candidate filing form are ministerial in nature. That conclusion is supported by the authorities cited in our 1954 opinion, and more recently, by State ex rel. Wieland v.Beermann, 246 Neb. 808, 523 N.W.2d 518 (1994).
More recent authorities also support other conclusions from our 1954 opinion. A person's "name" is the designation ordinarily used for the person, by which he or she is known in the community, and by which he or she is distinguished from others. Sooy v Gill,774 A.2d 635 (N.J. Super. Ct. App. Div. 2001); State ex rel. Rainey v.Crowe, 382 S.W.2d 38 (Mo. Ct. App. 1964); 65 C.J.S.Names § 2 (2002); 29 C.J.S. Elections § 273 (2005). Names are used as a method of identification, and whether the identification is sufficient is a question of fact. State ex rel.Rainey v. Crowe, 382 S.W.2d 38 (Mo. Ct. App. 1964). The use of titles such as Doctor or Professor are still not generally permissible on a ballot with respect to a candidate's name. Sooy vGill, 774 A. 2d 635 (N.J. Super. Ct. App. Div. 2001); State exrel. Rainey v. Crowe, 382 S.W.2d 38 (Mo. Ct. App. 1964); 29 C.J.S. Elections § 273 (2005). Neither are characterizations or designations such as "Grandpa Al Lewis," "John `Jack' Smith," or "William `Tax Cutter' Jones." Lewis v. New York State Board ofElections, 678 N.Y.S. 2d 809 (N.Y. App. Div. 1998); Clifford v.Hoppe, 357 N.W.2d 98 (Minn. 1984); 29 C.J.S.Elections § 273 (2005).
Finally, our 1954 opinion indicated that a married woman could list her name on the ballot as "Mrs. John ___," and we indicated that it was "extremely common," at that time, for a married woman to use that designation as her name. Obviously, such a practice is much less common today. In addition, in 1957, the Nebraska Supreme Court indicated that a married woman's name, at law, consists of her own Christian name and her husband's surname. Kelle v. Crab OrchardRural Fire Protection District, 164 Neb. 593,83 N.W.2d 51 (1957). The court stated further that a married woman's "correct first name is her maiden Christian name, and not the Christian name of her husband." Id. at 598, 83 N.W.2d at 55. Those factors seem to suggest that the name "Mrs. John ___" is improper for use on a candidate filing form and on the ballot as a matter of law, contrary to our determination in 1954. However, as noted above, we believe that the name which should go on the ballot for an individual is the name by which that individual is known in the community, and that name may not necessarily be the individual's legal name. For example, as we indicated in our 1942 opinion, an individual may have his name on the ballot as "Gus ___" even though his correct legal name is "August ___," if that is how he is generally known in the community. And, even today, it is possible that some women may be generally known in their community by use of the title "Mrs" along with their husband's name. Therefore, *Page 5 
although customs have certainly changed since our opinion in 1954, we still believe that a married woman may list her name on the candidate filing form and on the ballot as "Mrs. John ___." Such a designation would "appear to conform" with the relevant statutes pertaining to candidate filing forms, and questions regarding the correctness of that name would present questions of fact regarding how the married woman was known in her community. Under § 32-624, that name could be challenged, in which case the married woman offering the name would be required to present appropriate evidence to establish that she is generally known in the community by that appellation.
 3. New Issues
In addition to the matters discussed above, you presented new issues to us regarding candidate names, based upon the fact that "with the passage of time, new questions have developed, particularly in the area of hyphenated and maiden names." Specifically, you asked "[m]ay a person with a hyphenated last name use only a portion of the last name on the ballot," and "may a married woman, who usually uses her husband's last name, use her maiden name on the filing form and on the ballot?"
Our answers to your two new questions are again based upon the principle that a person's "name" is the designation ordinarily used for the person, by which he or she is known in the community, and by which he or she is distinguished from others. As a result, the name which a person should place on a candidate filing form for inclusion on the ballot is the name which the person ordinarily uses, by which he or she is known in the community. With respect to your first new question, if a person with a hyphenated last name is known in the community by only a portion of his or her last name, then it is permissible to place that name on the ballot. With respect to your second new question, since you indicate in your letter that the married woman at issue "usually uses her husband's last name," we question whether it is appropriate for that woman to use her maiden name on the filing form and on the ballot. In either case, the correct name by which the person is known in the community would present a question of fact, and you would have no cause to look behind the representations made by the candidate in the absence of a challenge to the candidate filing statement under § 32-624.
 4. Summary of Rules
Our discussion above, along with our understanding of the various principles at issue, can be summarized as follows:
1. The name which should be placed on the candidate filing form and on the ballot for a particular candidate is the name ordinarily used for the person, by which he or she is known in the community, and by which he or she is distinguished from others. *Page 6 
A determination regarding what constitutes the correct name for a particular candidate presents a question of fact.
2. A filing officer who is presented with a candidate filing form which appears to conform with the applicable statutes and which is accompanied by the correct filing fees or evidence of payment thereof has a ministerial duty to file that form. Questions concerning the accuracy of a particular candidate's name present questions of fact, and the filing officer has no discretion to consider those questions absent an appropriate challenge under § 32-624. On the other hand, entries on a candidate filing form which clearly are not part of a person's name as a matter of law can be refused by the filing officer without any challenge.
3. Titles such as "Doctor" or "Professor," and characterizations or designations such as "Grandpa Al Lewis," "John `Jack' Smith," or "William `Tax Cutter' Jones" are not part of a person's name as a matter of law. They are not generally permissible on a ballot with respect to a candidate's name, and a filing officer can refuse to place them on the ballot.
4. The correct name for a married woman on a filing form and on the ballot is the name which that woman ordinarily uses and by which she is known in the community. As a result, depending upon those factors, a married woman may use her maiden name, her own Christian name and her husband's surname, a hyphenated name or portions thereof, or "Mrs. John ___." In each case, the woman's correct name presents a question of fact which is subject to challenge under the appropriate statutes.
5. A hyphenated name or portions thereof may be used on the candidate filing form and on the ballot, provided that the name submitted is the name which the person ordinarily uses and by which he or she is known in the community. Similarly, a nickname such as "Gus ___" is permissible under the same standard. On the other hand "August `Gus' ___" contains a designation or identifier which may not be used on the ballot.
Sincerely,
 JOHN BRUNING Attorney General
 Dale A. Comer Assistant Attorney General *Page 7 
Approved:
 ___________________________ Attorney General