In the Matter of the Application of EUGENE SULLIVAN, Petitioner, Respondent, against JOSEPH FLAHERTY and Others, Appellants, Impleaded with FRANCES E. GOLDEN and Others, Respondents, for an Order to Review the Action of the Inspectors of the Primary Election of the 32nd Election District of the First Assembly District West, New York County, in the Conduct of the Election and the Canvassing of the Vote Cast at the Primary Election Held on September 16th, 1941, for County Committee of the Various Election Districts of the First Assembly District West, New York County, and for Other and Further Relief.*

First Department, November 25, 1941.

---

* See 263 App. Div. 712.

*A. L. Sainer*, for the appellants.

*Benjamin Gassman*, for the respondent.

*Stanley Buchsbaum*, for the Board of Elections of the City of New York.

PER CURIAM. On September 16, 1941, at a primary election conducted for the office of county committeemen in the 32nd election district of the first Assembly district, New York county, the nineteen appellants, candidates for the county committee, who are described as the "Finn" group, defeated their nineteen opponents, the "DeSapio" group, by from three to eleven votes. In the case of fourteen of the candidates the difference was six votes.

Thereafter, on September 25, 1941, petitioner obtained an order to show cause why an order should not be made directing a recount and declaring the DeSapio group the duly elected county committeemen or, in the alternative, asking for a special primary election.

Upon the application hearings were had by the Special Term justice and, after the conclusion of the testimony, the court directed a recount of the votes cast for county committeemen upon the ground that "many irregularities in the counting of ballots are reflected in the return showing a greater number of votes cast than voters." Further relief was held in abeyance until the result of the recount was obtained.

The recount, conducted under the direction of the court, showed that the official count made on primary day was substantially correct. On primary day there were recorded 374 votes as cast, and upon the recount that number of ballots was found in the ballot box. The only changes effected by the recount were: (1) Of the Finn group, nine candidates each lost one vote. This was due to a ruling by the court that one Finn ballot previously

counted was invalid, as the circle was marked with a double cross instead of a single cross. (2) One candidate of the DeSapio group was credited with 160 votes when he should have received 158, and another of the same group had been given 158 votes when the recount showed he was entitled to 160 votes. Other than these slight and obviously immaterial errors there was no change as a result of the recount.

After the recount of the ballots had been completed and the result made known, the court then determined that "nine votes were cast by persons other than the registrants" and that, if it be assumed they voted for the successful candidates, the result of casting out their votes would mean the election of eighteen of the nineteen defeated candidates. The court also stated, without discussing them, that it had considered other grounds urged for the invalidation of the election and then concluded that, as it was impossible to say who was rightfully elected, a re-election should be had for county committeemen for the 32nd election district to take place on November 18, 1941.

Upon an examination of the record we find that not nine but only five votes were cast by persons other than registrants. The registrants in question were: (1) Edward C. Wolfe, (2) John Scanlon — each of these two men testified he did not vote on primary day, and the court found that the purported signature of each was forged, (3) Francis Hughes, (4) Richard Carey and (5) George Losco. As to each of these three the court found that the purported signature was a forgery.

The ineligibility of several other persons who had voted was charged in an affidavit submitted by one Thomas Rosetti. We find that the statements therein contained, to the effect that the persons named were no longer residents of the district on primary day and were, therefore, not entitled to vote, were hearsay and insufficient to warrant a holding that any of such persons named in his affidavit was not lawfully entitled to vote.

With respect to the votes cast by the four members of the Flaherty family the proof was insufficient to justify a conclusion that they were not lawfully entitled to vote in the 32nd election district. They voted from 516 Greenwich street. Joseph Flaherty testified that he lived at that address for a period of twenty-five years and that his wife and two daughters lived there with him. At that location Flaherty had his place of business and he swore that directly over his store were ten rooms used by the family for residential purposes. We find that there was no intention on the part of the Flahertys to give up this residence.

Complaint was also made concerning the method of counting adopted by the inspectors on primary day. From the evidence it is apparent that the procedure employed was acquiesced in by the authorized watchers for the DeSapio group who, according to the testimony, were present not only during the period of the balloting but also during the entire time that the votes were being counted. Moreover, the method of counting, we find, did not affect the result. It is to be noted, too, that during the entire day and during the hours that the tallying of the vote was in progress at least three police officers were constantly in attendance.

We have examined each claim of alleged irregularity and fraud asserted by respondents and we find that no one of them is sustained save that there were five non-registrants who voted. As to these five, there is no proof as to whether they voted for the Finn group or the DeSapio group. Even if it be assumed that these five votes were cast for candidates of the Finn group there would still be no material change in the final result. Upon the proof we find that the members of the Finn group were rightfully elected. In our view a new election should not have been ordered.

The order should be reversed and the motion in all respects denied.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur; O'MALLEY, J., dissents.

O'MALLEY, J. (dissenting). I am of opinion that the discretion of the learned justice at Special Term in ordering a new election was properly exercised. I, therefore, dissent and vote to affirm.

Order granting petitioner's motion for a special primary election reversed and said motion in all respects denied.