In the Matter of THOMAS J. CURRAN, as Chairman of the Republican County Committee of New York County, et al., Respondents.

S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents; THOMAS A. AURELIO et al., Appellants.*

First Department, October 20, 1943.

610

*Solomon C. Stember* of counsel for appellant George Salvatore.

*Robert H. Elder* of counsel (*Edward J. Fontana* with him on the brief), for appellant Thomas A. Aurelio.

*Louis J. Lefkowitz* of counsel (*Lester M. Friedman* and *Alfred J. Gohlinger* with him on the brief), for petitioners-respondents.

*Archie O. Dawson* of counsel for David W. Peck.

*David Halper* of counsel for Matthew M. Levy.

*Charles H. Tuttle* of counsel for George Frankenthaler.

*Seymour B. Quel* of counsel (*Ignatius M. Wilkinson, Corporation Counsel*), for Board of Elections of the City of New York.

*Per Curiam.* Section 103 of the Election Law refers to the order of names upon the ballot and, so far as relevant, provides: " 1. The officer or board who or which prepares the general officers' ballot shall determine the order in which shall appear, below the names of party candidates, the nominations made only by independent bodies. Such officer or board also shall determine the order in which shall be printed, in a section of such ballot the names of two or more candidates nominated by one party or independent body, for an office to which two or more persons are to be elected, * * *."

Section 249 of the Election Law in relation to the form of ballots or voting machines, so far as relevant, provides: " If any person shall be nominated for any office only by one or more independent bodies, his name shall appear but once upon the machine in the place designated by the officer charged with the duty of providing ballots, * * *."

George Frankenthaler was the sole candidate of the Judiciary Party, an independent body, for the office of Justice of the Supreme Court. Acting under the above-quoted provisions of the law, the Board of Elections gave him the very first available column for Supreme Court candidates in the row of the Judiciary Party, i. e., column 3, row F, on the voting machine. There is nothing to show that the action of the Board was arbitrary or discriminatory. (*Matter of Walsh* v. *Boyle,* 179 App. Div. 582, 587.)

The order of the names on the ballot should not have been changed for the purpose of giving one candidate or group of candidates a supposed advantage over another candidate or group of candidates all of whom were legally on the ballot.

The court properly denied the application of the candidate Matthew M. Levy to have his name transferred from column 5 to column 4 on the official ballots.

The order appealed from insofar as it directs the Board of Elections to place the name of George Frankenthaler, candidate of the Judiciary Party for the office of Justice of the Supreme Court, in column 4, row F, on the voting machines and official ballots should be reversed and the petition dismissed.

The order, insofar as it denies the motion of the respondent Matthew M. Levy, should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order appealed from insofar as it directs the Board of Elections to place the name of George Frankenthaler, candidate of the Judiciary Party for the office of Justice of the Supreme Court, in column 4, row F, on the voting machines and official ballots, unanimously reversed and the petition dismissed.

Order appealed from, insofar as it denies the motion of the respondent, Matthew M. Levy, unanimously affirmed, and leave to appeal to the Court of Appeals granted to said respondent.