In the Matter of JOHN L. CHILDS, Individually and as Chairman of the Liberal Party, et al., Petitioners, against THOMAS J. CURRAN, as Secretary of State, et al., Respondents.

Supreme Court, Albany County, October 3, 1944.

*Matthew M. Levy* and *John Braun* for petitioners.

*Nathaniel L. Goldstein, Attorney-General* (*John R. Davison* of counsel), for Thomas J. Curran, respondent.

*Joseph W. Glass* for Norman Thomas and others, candidates of Socialist Party, appearing specially.

*Jacob Goldsmith* for Edward A. Teichert and others, candidates of Industrial Government Party.

SCHIRICK, J. This application has been brought on by order to show cause, on behalf of the officers and candidates of the Liberal Party, for an order directing the Secretary of State of the State of New York to certify to the local boards of elections of the various counties of the State, and of the City of New York, the order in which independent nominations should appear

upon the ballot in the coming general election, and particularly directing him to place the nominees of the Liberal Party in the fourth row of such ballot, immediately below the nominees of the regular parties, and above the nominees of the Socialist Party and the Industrial Government Party. It appears from the war ballots which have already been issued, and from the sample ballots which have been printed, that the Liberal Party will occupy the sixth row, below the Socialist Party and the Industrial Government Party, unless the court otherwise directs.

The order in which the candidates of parties, properly so called, shall be placed upon the ballot, is set forth in the Election Law. Section 105 directs that " precedence shall be given to the candidate or candidates of the party which polled the highest number of votes for governor at the last preceding election for such office, and so on." The word " party " is defined in subdivision 5 of section 2 of the Election Law as follows: " The term ' party ' means any political organization which at the last preceding election for governor polled at least twenty-five thousand votes for governor, or at an election for governor after January first, nineteen hundred and thirty-six, polled at least fifty thousand votes for governor."

The Liberal Party, the Socialist Party, and the Industrial Government Party are not, therefore, " parties " within the statutory definition. They are " independent bodies ", as defined in subdivision 11 of section 2: " The term ' independent body ' means any organization or group of voters which, by independent certificate, nominates a candidate or candidates for office to be voted for at an election at which official ballots are used, and which is not a party as herein provided."

The Election Law does not contain any specific direction as to the order in which the nominees of an independent body shall appear upon the ballot. Section 103 contains the following provision: " 1. The officer or board who or which prepares the general officers' ballot shall determine the order in which shall appear, below the names of party candidates, the nominations made only by independent bodies. * * * "

It is the contention of the petitioners that justice and fairness should govern the order of such independent nominees, and that in the application of such principles, the nominees of the Liberal Party should receive precedence over those of the Socialist Party and the Industrial Government Party. The reasons assigned are these:

1. The nominating petitions of the Liberal Party contain over fifty thousand names, while those of the Socialist Party

and the Industrial Government Party, respectively, contain less than twenty thousand names.

2. The Liberal Party has nominated a full State-wide ticket, and also various local nominees, whereas the Socialist Party has nominees only for the presidency and the vice-presidency, and the Industrial Government Party has nominees for only the presidency, vice-presidency, United States Senate, and Court of Appeals.

3. The nominees of the Liberal Party are identical with those of the Democratic Party and American Labor Party for most offices, and therefore they should follow in the row immediately below those parties.

4. The present order is prejudicial and confusing to the independent voter who wishes to cast his ballot for Roosevelt or Wagner, or any other candidate who is also upon a party ticket but for ideological reasons does not desire to vote for such candidate upon such party ticket.

The Secretary of State has interposed an answer in which he denies that he has directed or has the power to direct the order of nominees of independent bodies upon the ballot. It is his position that the local boards of elections, and not the Secretary of State, are the " officer or board who or which prepares the general officers' ballot " to whom is given the power of determining such order by section 103 of the Election Law.

A further objection to the petition was raised upon the argument of this proceeding by the attorney for the Socialist Party. He appeared specially and objected to the jurisdiction of the court upon the ground that the petitioners are not entitled to bring this proceeding, under subdivision 3 of section 330 of the Election Law. It is his position that such proceeding may be brought only by the chairman of a committee, or by a candidate aggrieved, and that the petitioners are neither.

Relative to the objection raised by the Secretary of State, it must be said that the statute is not free from ambiguity. In the interests of clarity, section 103 should be amended so as to state specifically what body or officer has the power to determine the order of independent bodies upon the ballot.

In view of the position which this court takes upon the merits, however, it is not necessary to pass upon the objections of the Secretary of State or the Socialist Party. The court does not regard the number of signers of the nominating petitions to have any materiality. The law requires twelve thousand signatures. (Election Law, § 137, subd. 4.) No advantage can be

gained by adding more. Neither is the completeness of the ticket relevant, in respect to the issue now before the court.

The Court of Appeals has held that " there must be no unnecessary discrimination between the independent and the party voter in respect of the facilities offered to him for a prompt and intelligent and ready expression of his choice." (*Matter of Aurelio* [*Cohen*], 291 N. Y. 176; *Matter of Crane* v. *Voorhis,* 257 N. Y. 298.)

These, however, were cases construing or testing section 249 of the Election Law, which provides that in certain cases, one who is nominated both by a party and an independent body should have his name only upon the party row. The application of the statute to certain situations therein presented has been held to be discriminatory and unconstitutional. Such is not, however, the present situation. The candidates of the Labor Party have been granted a separate row, although in many cases they are identical with the Democratic Party nominees and the American Labor Party nominees. The complaint here is the order of the Liberal Party row upon the ballot. The court fails to see any hardship or unfairness. The intervention of blank space between the American Labor Party nominations for various offices and the Liberal Party nominations is neither damaging nor discriminatory to the Liberal Party voter. On the contrary, it lends prominence to the Liberal Party row, and causes it to stand out in bolder relief. The court has carefully examined the sample ballots which have been submitted to it, and sees no basis for any claim of unfairness or discrimination. The Liberal Party voter is given an opportunity to vote his ticket with facility at least equal to that of the other party or independent voters.

The only case which has been called to the court's attention in which an attempt has been made to change the order upon the ballot is *Matter of Curran* (*Aurelio*) (266 App. Div. 609, affd. without opinion, 291 N. Y. 682). In denying the application, the Appellate Division made the following statement: " The order of the names on the ballot should not have been changed for the purpose of giving one candidate or group of candidates a supposed advantage over another candidate or group of candidates, all of whom were legally on the ballot."

That statement applies equally to the issue presently before the court. The court, having heard the arguments and the testimony, and having examined the exhibits, finds no unfairness or discrimination.

The proceeding is, accordingly, dismissed.