Michael Catalano, J.
This is a motion for an order declaring the ballot positions for the candidates for the City Court of Buffalo as determined by the Board of Elections of Erie County 1 ‘ held without notice to the said candidates be declared null and void, and * * * directing that the names of the candidates designated for the City Court of Buffalo appear on the ballot in the same order as they appear on the designating petitions of the said respective parties, or in the alternative ” that the said board give due notice and the positions on the ‘1 ballots ’ ’ be determined by lot.
The petitioner contends that the ballot on the voting machine for the next general election for the office of City Court Judge of the City of Buffalo setting forth the order of the names of the several candidates shall be determined by the Board of Elections of Erie County on notice to all the candidates so that *149 ‘ ‘ they may attend and put forward their ideas in regards to such a drawing as to position on the ballot for election to the position of Judge in the City Court of Buffalo.” The petitioner states: “ That the designating petitions which were filed with the Board of Elections had the following order as to the respective party and candidate:

He desires: “ That the drawing should be held between the candidates in the 1 Columns 1 and 3 ’ and in effect should be held on notice to all candidates as to time and place as provided by the Election Law.”
Section 104 of the Election Law, entitled “ Order of names upon ballot,” provides in subdivision 1, that: “ The officer or board who or which prepares the ballot on the voting machine shall determine the order in which shall appear, below the names of party candidates the nominations made only by independent bodies. Such officer or board also shall determine the order in which shall be printed, in a section of such ballot the names of two or more candidates nominated by one party or independent body, for an office to which two or more persons are to be elected; provided, however, that any such candidate may, by a writing filed with such board or officer not later than one week after the adjournment of the convention or the primary election nominating him, or otherwise not later than two days after the filing of the petition or certificate nominating him, demand that such order be determined by lot, and in that case such order shall be so determined, upon two days ’ notice by ma.il given by such board or officer to each candidate for such office.”
Subdivision 2 of said section 104 applies only to primary elections, not to general elections.
The ultimate test of fairness is that the ballot furnish to each elector a reasonable opportunity to express his choice, as where all the names are printed in the same style under the same appropriate headings. The position on the ballot or the scheme of arrangement of names cannot per se be criticized as arbitrary or discriminatory. (See Matter of Walsh v. Boyle, 179 App. Div. 582, 588; Matter of Burr v. Voorhis, 192 App. Div. 909, affd. 229 N. Y. 382.) The order of the names of candidates on the ballot may not be changed for the purpose of giving a candidate a supposed advantage, so long as all names are otherwise legally on the ballot. (Matter of Curran [Aurelio], 266 App. *150 Div. 609, 612, affd. 291 N. Y. 682. See, also, Matter of Childs v. Curran, 183 Misc. 195, 198.)
Here, the petitioner fails to prove compliance with the conditions set forth in section 104 of the Election Law (subd. 1).
There is no showing that the Board of Elections has acted contrary to law or improperly in any way. Motion denied, without costs.