Michael Catalano, J.
Petitioner seeks an order declaring that the certificate filed with the Board of Elections of Erie County nominating him as a candidate of the Democratic party for the office of Supervisor in the 24th Ward in the City of Buffalo, New York, is valid.
The facts are admitted. Petitioner is the Democratic candidate for said office. He was nominated by the duly elected members of the County Committee of the Democratic party of said ward at a meeting held September 14, 1961. A vacancy existed in said office because the Democratic party had failed to nominate a candidate thereto at the September primary. On September 15,1961 the certificate of nomination and petitioner’s certificate of acceptance were duly filed with the said board, which, on September 29, 1961, rejected said nominating certificate because no vacancy existed and there was no tie vote at the Fall primary. If petitioner is not deemed nominated, there will be no Democratic candidate for this office at the next general election.
Section 140 of the Election Law entitled 11 Filling vacancies in designations and nominations ”, provides, in part:
“ 3. A vacancy in a nomination made at a fall primary, or by a tie vote thereat, may be filled by a majority of the members of the county committee or committees last elected in the political subdivision in which such vacancy occurs, present at a meeting at which there is a quorum, or by a majority of such other committee as the rules of the party may provide.” (L. 1957, ch. 554, §5;L. 1922, ch. 588, § 139.)
The problem here is created by the meaning of the word “vacancy” as used in this quotation. Vacancy, generally means: “A vacant office, post * * * a vacancy in Congress.” (Webster’s New International Dictionary, 2d ed.) This is the meaning generally used throughout the Election Law.
In some provisions, the Election Law provides for certain procedures in the event that the vacancy occurs through some particular cause. Subdivision 1 of said section 140 of the Election Law describes a vacancy caused by “declination,” “ death,” “disqualification,” or “tie vote.” Subdivisions 2, 4 and 5 of said section describe a “ vacancy,” generally, without any specific cause therefor.
*184 It may be that the Legislature meant to say in the opening words of subdivision 3 of section 140 of the' Election Law: “ A vacancy in a nomination made at a fall primary, or [caused] by a tie vote thereat, may be filled ”. “ Vacancy ” is the subject of the verb “ filled; ” certainly, “ a tie vote ” is not. The words “ a tie vote ” refer only to “ vacancy ” which may be created by such a vote.
Nevertheless, it is not for the court to draft or correct legislative enactment. The court may interpret and construe that which has been enacted by the Legislature.
Therefore, giving full meaning to the words of this subdivision, the word “ vacancy ” has been used to mean an unoccupied office or position, caused by any cause, including but not limited to ‘ ‘ a tie vote. ’ ’
This interpretation is fortified by the use of the word ‘ ‘ vacancy ’ ’ by the Legislature in other sections of the Election Law which are deemed in pari materia. “ Vacancy ” used generally (see Election Law, §§ 30, 40, 41, 67, 104, 142, 154, 296); “ vacancy” limited to specific causes of creation thereof (see Election Law, §§ 17, 70,143, 292).
The word “ vacancy ” is used with “ nomination; ” that is, a vacancy in a nomination.
Section 2 of the Election Law entitled “ Definitions ”, provides, in part, as follows: “ 5. The term ‘ nomination ’ means the selection in accordance with the provisions of this chapter of a candidate for an office authorized to be filled at an election at which official ballots are used.” (L. 1922, ch. 588, § 2, as amd.)
Here, no “ nomination ” ever took place within the meaning of that word. Thus, there never could be a vacancy in a nomination. (See Matter of Di Lorenzo v. Heffernan, 187 Misc. 766, 767, affd. 271 App. Div. 802, affd. 296 N. Y. 687.)
If such a vacancy had existed, the method to fill it would have been proper. (See Matter of Dillon v. Roberts, 193 Misc. 6, 9, mod. 274 App. Div. 911; Matter of Naughton, 218 App. Div. 741, affd. 243 N. Y. 619.)
Therefore, the Board of Elections was correct and its decision is affirmed. Motion denied, without costs.