Lawrence H. Cooke, J.
A certificate of nomination was filed listing “ Dr. Romolo Toigo, Ph.D.” as the Democratic candidate for the office of Coroner in Columbia County and, upon oral objection by the Republican candidate, respondent Board of Elections removed the title “Dr.” and the degree “ Ph.D.” before and after petitioner’s name as it will appear on the official ballots at the general election. This proceeding under section 330 of the Election Law is instituted to compel said board ‘ ‘ to place the name of the petitioner upon the printed ballot in the manner and form [as] said name appears ” in said certificate.
Except as to certain elections of school and fire district officers, official ballots shall be provided at public expense for every election at which public officers are to be elected directly by the people (Election Law, § 100), the Board of Elections of Columbia County being required to furnish the necessary number of official ballots for each polling place at a general election in said county (Election Law, §§ 91, 93, 101, and 104). Ballots for general officers shall contain the names of all candidates except presidential electors; a different, but in each case uniform, kind of type shall be used for printing the names of candidates, the titles of offices and political designations; each such ballot shall be printed in sections on which the candidates’ names, emblems and political designations, with the voting squares, and other requisite matter shall be boxed in by heavy black lines; and in *755 printing the names of candidates whose full names contain 16 letters or more not more than one name other than the surname shall be printed in full, and each candidate may indicate in writing to the officer or officers charged with the duty of preparing the ballots the form in which, subject to this restriction, his name shall be printed (Election Law, § 102, subds. 1, 2, 5, 9). The word ‘‘ name ’’, as used in the Election Law providing for the designation of candidates on official ballots, should be taken in its plain, ordinary, and usual sense (26 Am. Jur. 2d, Elections, § 218). A person’s name is the designation by which he is distinctively known in the community (Matter of Jeffery v. Trustees of Vil. of Clinton, 23 Misc 2d 707, 712; Matter of Cohen, 142 Misc. 852). It does not include a professional title or an academic degree and the statutes contain neither the right nor the authority to set forth same in an official ballot.
Ordinarily and where there is not such a similarity of names as to confuse the electors, it is impermissible to place on an official ballot a characterization or designation before or after a candidate’s name (State ex rel. Rainey v. Crowe, 382 S. W. 2d 38 [Mo.]; State ex rel. Whetsel v. Murphy, 122 Ohio St. 620; 26 Am. Jur. 2d, Elections, § 218; 29 O. J. S., Elections, § 161, p. 465).
The ultimate test of fairness is that the ballot furnish to each elector a reasonable opportunity to express his choice, as where all the names are printed in the same style under the same appropriate headings (Matter of Luchowski v. Lawley, 26 Misc 2d 148, 149, affid. 11 A D 2d 1084). It would be neither fair nor practical to permit the insertion of such titles or degrees with candidates’ names, much less the myriad appellations and items of descriptive matter that might logically follow and which election fever and ingenuity would undoubtedly generate.
Petitioner contends that respondent board was without authority to delete the objectionable matter. While it is presumed that election officials performed their duties properly (Matter of Whitman, 225 N. Y. 1; Matter of Burns [Sullivan], 199 Misc. 1005, 1006, affd. 278 App. Div. 1023, affid. 303 N. Y. 601; Matter of Bewley, 138 Misc. 108, 112), it is true that the jurisdiction of the Board of Elections in passing on the sufficiency of designating and nominating petitions is confined to ministerial as distinguished from judicial duties (Matter of Bednarsh v. Cohen, 267 App. Div. 133,135), said board having no power to deal with objections involving matters not appearing upon the face of the papers (Matter of McGovern [Olson], 291 N. Y. 104, 108; Schwartz v. DeSapio, 9 A D 2d 756; Abrahams, New York Election Law, pp. 339-340; 1 Gassman, Election Law [2d ed.], *756 § 54). Here, however, respondent board did not rule the certificate in question as invalid or insufficient, rather it has acted regarding the preparation of the official ballots.
Application denied and petition dismissed.