Cabbollton A. Robebts, J.
This is a special proceeding brought on by order to show cause for certain injunctive relief. Petitioner was appointed by the Governor to fill the unexpired term from January 1, 1968, to December 31, 1968, of the late Judge Habby L. Rosenthal, a Judge of the County Court in and for Monroe County. Thereafter, petitioner was designated *32 by the Republican party to run for a full term as Judge of County Court in the elections of November, 1968. One Robert O’Brien was designated by the Democratic party as their nominee to run for the same seat but O’Brien filed a certificate of declination on the 16th day of May, 1968. A substitute candidate was not named to fill the vacancy and the statutory deadline passed for filling the vacancy on the 21st day of May, 1968. A fourth County Court judgeship was created in June of 1968 by the Legislature with the proviso that the seat should be filled in the November, 1968 election. David Boehm and the Honorable Alphonse Cassetti were designated by the Republican and Democratic parties respectively as candidates for election to this seat. Preparatory to printing ballots, the Board of Elections for the County of Monroe indicated that petitioner’s name would appear on row A with no Democratic nominee beneath his name on row B. David Boehm’s name was likewise to appear after petitioner’s name on row A but with the Honorable Alphonse Cassetti’s name directly under his on row B. The instructions accompanying the ballot will read with respect to petitioner, David Boehm, and the Honorable Alphonse Cassetti, “ Vote For Any Two ”. Petitioner makes no objection to the placement of the names but argues that the legend “Vote For Any Two” should be replaced with the instruction “Vote For One Only” above both his. name and the names of David Boehm and the Honorable Alphonse Cassetti and that the Commissioners of Elections of the County of Monroe be directed to designate petitioner as an unopposed candidate for the November general election. A memorandum answer without specific admissions or denials but in the form of affirmative defenses has been submitted on behalf of the Honorable Alphonse Cassetti. The Monroe County Democratic Committee moves to intervene in opposition to the petition on the basis of a proposed answer submitted with the moving papers. The motion to intervene is granted and the proposed answer accepted. No other papers are before this court.
Petitioner contends that the declination of nominee O’Brien and the failure of the Democratic party to designate a substitute to fill the vacancy left petitioner an unopposed candidate for the purposes of the November election. It certainly is true that after the 21st day of May, 1968, the Democratic party was precluded from naming a substitute to fill the vacancy created by O’Brien’s declination. (Election Law, § 143, subd. 3; Matter of Dyte v. Lawley, 31 Misc 2d 182 [Spec. Term, Erie County, 1961], affd. 14 A D 2d 827 [4th Dept., 1961]; 1 Gassman, Election Law [2d ed.], § 87.) But even at this point petitioner could still *33 be opposed via write-in votes or by an independent party nominee. (1 Gassman, Election Law, [2d ed.], § 71; cf. Matter of Smith v. Board of Trustees of Vil. of Fort Edward, 1A D 2d 908 [3d Dept., 1956], affd. 1 N Y 2d 690 [1956].) In fact, an independent nominee could have been designated up to and including the 9th day of September, 1968. With the benefit of hindsight, we can, of course, now eliminate one of these possibilities.
Eliminating write-ins or an independent nominee, did petitioner’s then status as an unopposed candidate become fixed and irrevocable — a vested right, if you will? Such apparently would be the case in an unopposed primary election from the last day for designating or filling vacancies. (Matter of Hooper v. Power, 17 A D 2d 816 [1st Dept., 1962], affd. 12 N Y 2d 764 [1962].) Unlike primary elections, however, elections to fill judicial posts, regardless of the number of seats involved, normally are viewed as an election to a single office. (New York Const., art. VI, §§ 10, 21.) Despite the fact that one or more candidates for such posts may be unopposed, the voter nonetheless is given the opportunity to make as many selections as there are unfilled seats without specific instructions for each seat. (Matter of Burr v. Voorhis, 229 N. Y. 382 [1920] ; Matter of Walsh v. Boyle, 179 App. Div. 582 [1st Dept., 1917].) This rule is carried forward by a 1968 amendment to section 105-a of the Election Law.
Conceding the rule set forth by the foregoing authority, we must recognize a factual difference in the instant situation and determine whether the result should be affected by it. The fact of the matter is that, but for the creation of a fourth seat on the Monroe County Court by the Legislature, petitioner would have run unopposed (providing no independent candidate filed for the office). In light of this fact, petitioner’s expectations regarding an unopposed candidacy and the prospect of not being required to campaign are in every respect understandable. But, should they be determinative in the case at bar? Without question, the position of the Commissioners of Elections has placed the petitioner in an unexpected situation and if this were simply a contest between petitioner and the Commissioners, he should prevail. A candidate, of course, is not without certain rights but always these rights must be subordinated to the interests of the public in having the largest possible role in the elective process.
Judicial offices are unitary regardless of the number of seats to be filled in any given election. A candidate runs for the office rather than against a given opponent. The duties, terms, *34 responsibilities and compensation of Oounty Court Judges being identical, the office of County Court Judge is single although it may have more than one incumbent. (Matter of Burr v. Voorhis, supra; 1965 Opns. Atty. Gen. 139.) Moreover, the rule is well settled that ballots may not be changed to give a candidate an advantage as against other legally designated candidates. (Matter of Luchowski v. Lawley, 26 Misc 2d 148 [Spec. Term, Erie County, 1960], affd. 11 A D 2d 1084 [4th Dept., 1960]; Matter of Curran [Cohen], 266 App. Div. 609 [1st Dept., 1943].) This rule should apply both to position on the ballot and instructions for voters.
The rights of any candidate for the judiciary should be subject to the paramount interests of the public and the continuing prerogative of the Legislature to create judicial posts pursuant to constitutional mandate. Given the act of the Legislature in creating a fourth seat, the proposal of the Commissioners of Elections will give the public the widest possible participation in the election for the office of Judge of County Court. Substantia] time remains for petitioner to commence a campaign and to that extent he will not be prejudiced by the determination herein.
On the foregoing, it is the conclusion of this court that the Commissioners of Elections have not acted arbitrarily or improperly in the case at bar. Accordingly, the petition is dismissed.