Michael Catalano, J.
Petitioner moves for an order 11 directing the Secretary of State and the Boards of Elections and Election Commissioners of the Counties of Erie, Niagara, Allegany, Cattaraugus, Chautauqua, Genesee, Orleans, and Wyoming to provide for eight separate columns for the candidates for the Supreme Court in the Eighth Judicial District and to further provide that each candidate shall appear alone in a separate and distinct column and further provide that candidates shall have determined by lot the order in which their names shall be placed on the election voting machines or the election voting ballot to bo voted on in the general election to be held on November 5, 1968 in and for the said Eighth Judicial District comprising the counties of Erie, Niagara, Allegany, Cattaraugus, Chautauqua, Genesee, Orleans and Wyoming in the State of New York ”.
Petitioner is a candidate for one of four vacancies on Supreme Court, Eighth Judicial District, nominated by the Democratic party for the general election to be held on November 5, 1968. The Republican party, the Democratic party, the Conservative party and the Liberal party have each nominated four candidates for these four vacancies; a total of eight candidates are on the ballot.
The printed ballot is captioned: “ Supreme Court Justice (Vote for any four) ”. The first line reads: “Republican: Stiller — Marshall—Moore — Stakel; ” the second line, directly under the first, reads: “Democratic: Levitt — Walsh—Doerr — Johnson; ” the third line, directly under the second, reads: 11 Conservative: Stiller — Marshall — Moore — Johnson; ’ ’ the fourth line, directly under the third, reads: “ Liberal: Stiller — Marshall — Doerr — Stakel. ’ ’
The petition states in paragraph 17: “ Since his nomination your petitioner has talked with literally hundreds of the members of the electorate and is informed by them and believes after talking with them that even though the direction to the voters on the ballot or voting machine says 6 vote for any four ’ the placing of candidates for the office of Supreme Court in columns where two or more candidates appear in the same columns is deceptive to the public in that the public is led to believe that they must choose between the candidates rather than having *1084 the opportunity to vote for either of the candidates. This problem appears to be compounded by the fact that the candidates for Supreme Court appear on the ballot and in particular on the voting machines several columns after the presidential and state candidates and the machine locks those columns to prevent persons from voting for two persons in the same column and this establishes a pattern of the need for choice in a given column in the mind of the voter.”
It states in paragraph 19, in part: “ Tour petitioner believes that the only way this situation can be corrected and the voter given his right to vote in a way that is not confusing and unfair is to use eight separate columns for the candidates (one for each candidate).”
This motion was commenced October 10, 1968 and made returnable on October 14,1968.
The respondents, Boards of Elections, acting on certification by respondent, Secretary of State, of the form of the ballots on September 23, 1968, commenced adjusting the voting machines for Election Day, November 5, 1968. If any changes in those adjustments should be directed, insufficient time remains therefor because of petitioner’s laches.
Petitioner has the burden of establishing the unconstitutionality of sections 104 and 248 of the Election Law (Matter of Levy v. Lower, 43 Misc 2d 158, affd. 21 A D 2d 751, affd. 14 N Y 2d 759), which he has failed to do.
Petitioner may not use hearsay in his petition as proof of what is “ deceptive to the public.” (Matter of Sullivan v. Flaherty, 262 App. Div. 694, 696, affd. 288 N. Y. 537.) His word alone is hardly that of the public.
Section 330 (last sentence) of the Election Law provides: “ A final decision in any proceeding involving the contents of official ballots on voting machines shall be rendered, if possible, at least one week before the day of the election at which such voting machines are to be used.”
Here, two weeks remain before Election Day; two. possible appeals may be heard before a decision becomes final.
Subdivision 1 of section 104 of the Election Law provides, in part: * ‘ any such candidate may, by a writing filed with such board or officer not later than one week after the adjournment of the convention or the primary election nominating him, or otherwise not later than two days after the filing of the petition or certificate nominating him, demand that such order [of appearance] be determined by lot ”.
Here, petitioner is too late to have his position on the ballot determined by lot.
*1085 Subdivision 1 of section 248 of the Election Law provides, in part: ‘ ‘ The titles of offices may be arranged * * * each office to occupy as many columns or rows on the machine as the number of candidates to be elected to that office. * * * "When the same person has been nominated for the same office to be filled at the election by more than one party, the voting machine shall be so adjusted that his name shall appear in each row or column containing generally the names of candidates for other offices nominated by any such party * * *. The machine shall be so adjusted that when one or more knobs, equaling the total number of persons to be elected to that office shall have been operated, all other knobs used in connection with that office shall be thereby locked.”
Here, these mandates have been met by using four rows for four parties and four columns for four vacancies.
Where a candidate for the office of Justice of the Supreme Court is given the first available column for Supreme Court candidates in the row of the party that nominated him, he cannot complain that the Board of Elections was arbitrary or discriminatory. (Matter of Curran [Aurelio], 266 App. Div. 609, 611, affd. 291 N. Y. 682.)
The ballot shall furnish to each Elector a reasonable, fair and equal opportunity to express his choice, by having all names printed in the same style under the same appropriate headings. (Matter of Walsh v. Boyle, 179 App. Div. 582, 588.)
The names of candidates of four political parties should be placed, if possible, in separate columns on the ballot. (Matter of Battista v. Power, 16 N Y 2d 198.)
WTiere candidates for four offices are placed opposite the name of their nominating party in four columns, such arrangement of names cannot per se be criticized as arbitrary or discriminatory. (Matter of Luchowski v. Lawley, 26 Misc 2d 148, 149, affd. 11 A D 2d 1084.)
In this case, petitioner has not been aggrieved; respondents have not misbehaved. Motion denied, without costs.