■   In the Matter of NORMAN J. WOLF, JR., Respondent, v REMO ACITO et al., Constituting the State Board of Elections, Appellant; FRANK J. BOCCIO, Respondent, and RICHARD A. GRIMM, JR., Appellant.—Appeals from a judgment of the Supreme Court at Special Term, dated October 7, 1977 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 330 of the Election Law, seeking to compel the State Board of Elections to place petitioner in Column 3 as the first available column in the row of the Republican Party for the office of Justice of the Supreme Court in the Eighth Judicial District. Petitioner is one of three candidates of the Republican Party for the three positions of Justice of the Supreme Court in the Eighth Judicial District to be filled at the November 8 general election. In order to determine the order of the Republican candidates on the ballot, petitioner requested the State Board of Elections to conduct a lottery pursuant to section 104 of the Election Law. Prior to conducting the lottery, a representative of the State board explained certain conditions to all three Republican candidates. One of these conditions was that due to the mechanical limitations of the voting machines in use in the Eighth Judicial District all nominations of a candidate indorsed by more than one party had to appear in the same column. Objections to the conditions were duly made. As a result of the limitation, and the fact that all three Republican candidates were multiply indorsed, only Columns 2, 3 and 4 were available to them. Furthermore, petitioner's particular indorsements precluded him from placement in Column 2. The lottery was conducted by placing numbered lots, representing each candidate, in a container and then drawing a lot for each available column. Although petitioner was precluded from having his name placed in Column 2, his lot was included in the container for the drawing for that column. Petitioner's lot was the first drawn, but since his name could not be placed in Column 2, his lot was replaced in the container. Respondent Boccio's lot was then drawn and his name was placed in Column 2. Next, appellant Grimm's lot was drawn, and his name was placed in Column 3. Petitioner's name was placed in Column 4. Petitioner commenced the present proceeding contending, *inter alia,* that the procedure employed by the State board in conduct-

ing the lottery was arbitrary and discriminatory and that since his lot was drawn first his name should have been placed in Column 3 which was the first available column open to him. Special Term held that the procedure employed by the State board in conducting the lottery was arbitrary, discriminatory and in violation of the intent of section 104 of the Election Law and directed that petitioner's name be placed in Column 3 in the row of the Republican Party. The present appeals ensued. We agree with Special Term's conclusion that the procedure used by the State board in this case was arbitrary, discriminatory and not in accord with the directive of section 104 of the Election Law which provides that the order in which the candidates' names appear on a ballot should be determined by lot. The State board should have structured the lottery so as to place a candidate's name in the first available column upon the drawing of his respective lot *(Matter of Curran [Cohen],* 266 App Div 609, affd 291 NY 682; *Matter of Walsh v Lomenzo,* 57 Misc 2d 1082, 1085). In view of this conclusion and in fairness to all of the candidates involved herein, a new lottery among these candidates should be conducted by the State board. Judgment modified, on the law and the facts, by reversing so much thereof as directs that with respect to the row of the Republican Party petitioner's name be placed on the ballot in Column 3, that respondent, Frank J. Boccio, shall be placed in Column 2 and that respondent, Richard A. Grimm, Jr., shall be placed in Column 4; matter remitted to the State Board of Elections for a new lottery to be conducted in accordance with the decision herein, and, as so modified, affirmed, without costs. Kane, Mahoney and Herlihy, JJ., concur; Greenblott, J. P., dissents and votes to reverse in the following memorandum; Mikoll, J., not taking part. Greenblott, J. P., (dissenting). I dissent and vote to reverse. Section 104 of the Election Law simply provides that upon request of a candidate the order of the ballot shall be determined by lot. The decision of the State board representative in the instant case, to replace petitioner's lot and thereby to treat each column as subject to a separate lottery, is reasonable and consistent with that provision. Although a great deal of confusion would have been avoided if petitioner's lot had been excluded from the drawing for Column 2, the fact that it was included should not alter the character of the drawing for Column 3. So long as the lottery method is consistently applied in an unbiased manner and the ballot furnishes to each voter a reasonable opportunity to express his choice, the interpretation of the statutory directive by the appellant State board should not be displaced *(Matter of Walsh v Boyle,* 179 App Div 582; *Matter of Luchowski v Lawley,* 26 Misc 2d 148, affd 11 AD2d 1084). The mere presence of an alternative interpretation does not render unreasonable or arbitrary the interpretation of the State board.