OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioner brings this motion pursuant to CPLR 7801 and Election Law §§ 16-114 and 16-116 seeking an order directing respondent to prepare an official ballot for the general election to be held within the State of New York on November 3, 1998 in a forum designating petitioner on such ballot of a candidate for Governor of the State of New York as “Grandpa Al Lewis”. Respondent opposes the petition.
Petitioner requests that this court overrule the Board of Elections and allow him to be listed on the ballot as Grandpa Al Lewis. Petitioner’s theory is that this is the name by which *396 he claims he is known by the public. Petitioner also argues this is necessary “to avoid confusion among the voting public as to his identity and to serve the purposes of the Election Law of the State of New York to clarify candidates in the minds of voters.” This court will reject petitioner’s request and tortured logic.
Election Law § 7-104 calls for only the name of the candidate to be printed on the ballot and names which contain more than 15 letters may be abbreviated but the surname must be printed in full. In Matter of Toigo v Columbia County Bd. of Elections (51 Misc 2d 754, 755 [Sup Ct, Columbia County 1966]) former Chief Judge Lawrence H. Cooke pointed out that:
“Ordinarily and where there is not such a similarity of names as to confuse the electors, it is impermissible to place on an official ballot a characterization or designation before or after a candidate’s name (State ex rel. Rainey v. Crowe, 382 S. W. 2d 38 [Mo.]; State ex rel. Whetsel v. Murphy, 122 Ohio St. 620; 26 Am. Jur. 2d, Elections, § 218; 29 C. J. S., Elections, § 161, p. 465).
“The ultimate test of fairness is that the ballot furnish to each elector a reasonable opportunity to express his choice, as where all the names are printed in the same style under the same appropriate headings (Matter of Luchowski v. Lawley, 26 Misc 2d 148, 149, affd. 11 A D 2d 1084). It would be neither fair nor practical to permit the insertion of such titles or degrees with candidates’ names, much less the myriad appellations and items of descriptive matter that might logically follow and which election fever and ingenuity would undoubtedly generate.”
Clearly, this case is exactly what Judge Cooke foresaw in his opinion. This record is devoid of any issue as to similarity of names which would confuse the electorate. Petitioner urges the court to inform the voting public as to what petitioner’s claim to fame is by the use of the descriptive title “Grandpa” in front of his name. It is the petitioner’s duty to educate the voters as to who A1 Lewis is; it is the Board of Election’s duty to list the name of the candidate on the ballot.
To ascribe to the position urged by petitioner would leave a voter to wonder: “I cannot tell what the dickens his name is”. (Shakespeare, The Merry Wives of Windsor, act III, scene ii, line 20.) The use of a nickname on the ballot would lead to unrelenting attempts by candidates to highlight the given name by a nickname, street name, stage name, title, degrees or any other name created by the fertile imagination. This court *397 cannot sanction such a practice because it is improper and contrary to established law.
The petition is dismissed in its entirety.