(October 19, 1998)

■ In the Matter of AL LEWIS, Appellant, v NEW YORK STATE BOARD OF ELECTIONS, Respondent. [678 NYS2d 809] —Per Curiam. Appeal from an order of the Supreme Court (Teresi, J.), entered October 7, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-104, to direct the manner in which petitioner's name appears as the Green Party candidate for the office of Governor.

Petitioner, the Green Party candidate for Governor, commenced this proceeding challenging the denial of his request that he be designated as "Grandpa Al Lewis" on the official ballot for the November 3, 1998 general election. Supreme Court dismissed the petition and we affirm.

Petitioner claims, *inter alia*, that because he is known in the community by the name "Grandpa" due to his role in a 1960s television series, it is necessary that this nickname appear on the ballot in order to avoid confusion among the voting public as to his identity. In connection with the designation of a candidate on official ballots, the word "name" as used in the Election Law should be afforded its plain, ordinary and usual sense (*see, Matter of Toigo v Columbia County Bd. of Elections*, 51 Misc 2d 754, 755; *see also*, 50 NY Jur 2d, Elections, § 451, at 236). Furthermore, characterizations and designations before or after a candidate's name on an official ballot are generally impermissible (*see, Matter of Toigo v Columbia County Bd. of Elections, supra*, at 755; *see*, 50 NY Jur 2d, Elections, § 451, at 236-237; 29 CJS, Elections, § 161, at 465). Although petitioner claims otherwise, we find that the use of the term "Grandpa" is descriptive and, as noted by Supreme Court, such description merely informs the voting public of petitioner's "claim to fame" stemming from his character in a television series. Such descriptive terms are not permitted on official election ballots (*see, e.g., Matter of Toigo v Columbia County Bd. of Elections, supra; see also, State ex rel. Rainey v Crowe*, 382 SW2d 38 [Mo]). While petitioner asserts that the use of the nickname is necessary in order to prevent confusion and permit the voters to make an intelligent choice of candidates for Governor, we disagree and find that petitioner's name by itself is sufficient for voters to identify him (*see, Matter of Toigo v Columbia County Bd. of Elections, supra*). We have reviewed

petitioner's remaining contentions and find them to be unpersuasive.

Cardona, P. J., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs. [*See,* 178 Misc 2d 395.]